504 P.2d 498

Ronald H. SCHULTZ et ux., Petitioners,

v.

George A. HINSHAW et al., Respondents.

No. 2 CA–CIV 1343.

Court of Appeals of Arizona,
Division 2.

Dec. 27, 1972.

Laber, Lovallo & Colarich, Ltd. by Joseph A. Lovallo and Paul W. Colarich, Jr., Tucson, for petitioners.

Paul G. Rees, Jr. and Ronald Mercaldo, Tucson, for respondents.

PER CURIAM.

The sole question presented here is whether a superior court judge can rule upon matters of appellate jurisdiction.

The procedural chronology is as follows. On November 5, 1971, a lawsuit was filed by respondents Hinshaw and Gibson against the petitioners. The case was tried to the court on June 29, 1972, and thereafter on August 29th a "Partial Judgment" was entered. The court made certain express findings of fact and conclusions of law as to the relationship of the respective litigants and referred the matter to a master for accounting purposes.

A subsequent motion for new trial was filed and denied and on November 29, 1972, a timely notice of appeal was filed by petitioners specifying the August 29th judgment. On December 11, 1972, pursuant to the plaintiffs' motion, the lower court directed that the notice of appeal be stricken. The court further directed that a $20,000 supersedeas bond previously posted, be continued. This special action challenges the lower court's authority to strike the notice of appeal.

Both parties have argued at length the appealability of the "Partial Judgment". We need not, however, decide whether this judgment is appealable pursuant to A.R.S. § 12–2101, subsec. G, as amended. This question will be resolved by us when the appeal is docketed in this court. In the case of Application of Lopez, 97 Ariz. 328, 400 P.2d 325 (1965), our Arizona Supreme Court stated:

". . . it is this Court's responsibility alone to decide whether the appeal has been properly or timely perfected." 97 Ariz. at 331, 400 P.2d at 327.

In *Lopez*, supra, just as in the instant case, the superior court interfered with the appeal by directing dismissal. We have held that a trial court does not lose jurisdiction to proceed in a case when an appeal is taken from a non-appealable order. Burke v. Gottfried, 7 Ariz.App. 96, 436 P.2d 488 (1968). This case, however, does not authorize the superior court to dismiss an attempted appeal—it merely authorizes the court to proceed in the matter notwithstanding an attempted appeal. In so holding, we quoted as follows from State ex rel. Adamson v. District Court of Fourth Judicial District In and For Lake County, 128 Mont. 538, 279 P.2d 691 (1955):

". . ., only if it may be said in a given case that it is fairly debatable

whether an order is appealable, is the final decision to be made here. The lower court then should wait for this court to rule. Otherwise it should not stand by." 7 Ariz.App. at 98, 436 P.2d at 490.

We hold that the lower court erred in aborting petitioners' appeal since any decision as to appealability is for this court alone. The only decision left to the lower court was as to its own jurisdiction to proceed.

For the foregoing reasons, the order striking the notice of appeal is hereby vacated.