NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

TOBIAS PRICE, *Petitioner/Appellee*,

*v.*

NICOLE PRICE, *Respondent/Appellant*.

No. 1 CA-CV 17-0058 FC
FILED 12-19-2017

Appeal from the Superior Court in Maricopa County
No. FC2016-070895
The Honorable Kathleen H. Mead, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Olympus Law, LLC, Chandler
By Kirk D. Smith
*Counsel for Respondent/Appellant*

Tobias Price, Surprise
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Peter B. Swann joined.

---

**M O R S E**, Judge:

¶1          Nicole Price ("Mother") appeals from the provisions in a decree of dissolution regarding spousal support, division of community debt, parenting time, and child support.  For the following reasons, we affirm, in part, and vacate and remand in part.

## FACTS AND PROCEDURAL HISTORY

¶2          Mother and Tobias Price ("Father") were married in 2001 and had three children.  In March 2016, Father filed for dissolution of marriage and sought spousal support, child support, joint legal decision-making, equal parenting time with the couple's two younger children, and reasonable parenting time with the oldest child, A.P.  Mother requested division of the couple's community debt, joint legal decision-making, with Mother having the "final say," but denied Father's need for spousal support, and proposed a parenting schedule that would grant Father visitation every other weekend.

¶3          Mother filed a Motion for Emergency Temporary Orders Without Notice, stating A.P. reported thoughts of suicide and felt unsafe at Father's home.  Mother requested all three children be placed with her and asked the court to grant Father parenting time only in the presence of a therapist.  The superior court denied the Motion, held a hearing, and granted Father temporary 50/50 custody of the two younger children and reasonable parenting time with A.P.

¶4          At trial, Father testified he was entitled to spousal maintenance because he stayed at home with the children during the marriage and his part-time income of $1,100 per month was much lower than Mother's salary.  Mother testified she and Father did not necessarily have an agreement that he would stay home with the children, and claimed that she had asked Father to get a job during their relationship but he

2

refused. Additionally, she testified she made $118,000 per year and the couple had approximately $24,000 in tax and auto debt. Both parties agreed to the superior court's suggestion that Mother take on the community debt in lieu of paying Father spousal support and dividing Mother's retirement savings.

¶5 Father acknowledged his relationship with A.P. was strained and would need work, but testified he had a good relationship with his younger children and requested 50/50 parenting time on a 5-2-2-5 schedule and joint legal decision-making. Father agreed it would be best to take the relationship with A.P. slow "to get things back together." Mother agreed to joint legal decision-making but requested she have the "final say," citing Father's objection to the children attending therapy as support. Mother testified she would like A.P. to have a relationship with Father and A.P. was making emotional progress, but opined that a therapist should assist them in rebuilding their bond.

¶6 In its decree, the superior court denied "Father's request for spousal maintenance as the parties agree that Mother will be responsible for the IRS debt and the vehicle deficiency." The superior court calculated the Arizona Child Support Guidelines amount at $578 per month, but found a downward deviation to $475 was warranted because the full amount would be "unjust, not in the interests of justice, and not in the best interests of the Children . . . because Father is not currently exercising parenting time with the parties' oldest child." Despite acknowledging that Father was not exercising his parenting time with A.P., the decree awarded joint custody of all three children on a 5-2-2-5 schedule. Finally, the decree awarded parents joint legal decision-making, with Mother having final say over medical and therapeutic issues.

¶7 Mother appealed the superior court's decisions regarding spousal support, division of debt, child support calculations, and parenting time.[1] This court has jurisdiction over Mother's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) section 12-2101(A)(2).

---

[1] Father did not file an answering brief. While we could regard his failure to do so as a confession of error, we are not required to do so. In the exercise of our discretion, we address the substance of Mother's appeal. *Cardoso v. Soldo*, 230 Ariz. 614, 616 n.1, ¶ 4 (App. 2012).

## DISCUSSION

### I. The Superior Court Did Not Err in Assigning Community Debt to Mother.

**¶8** Mother argues the superior court erred in determining that Father was entitled to spousal maintenance. However, while the superior court found that Father met the statutory criteria for spousal maintenance under A.R.S. § 25-319(A), the court did not award spousal maintenance to Father. Instead, in response to the superior court, both parties agreed that the superior court should assign Mother's retirement account and the bulk of the community debt to Mother, and decline to award any spousal maintenance to Father. Because Mother specifically agreed to this offset arrangement, she has waived this argument on appeal. *See Nia v. Nia*, 242 Ariz. 419, 425, ¶ 26 (App. 2017) (finding claims waived when issues are not pursued before the trial court); *In re Marriage of Johnson and Gravino*, 231 Ariz. 228, 235, ¶ 25 (App. 2012) (same).

**¶9** Moreover, even if this issue were not waived, we review the superior court's division of community debt for clear abuse of discretion. *In re Marriage of Inboden*, 223 Ariz. 542, 544, ¶ 7 (App. 2010). "So long as the trial court acts equitably, it is allowed great discretion in the apportionment of community assets and obligations." *Neal v. Neal*, 116 Ariz. 590, 594 (1977).

**¶10** Here, the superior court explicitly found that it was "a fair outcome" based on the parties' agreement, the "disparity of income," and the amount of community debt. The record clearly supports the superior court's finding that Mother agreed to assume the community debt to offset any division of her retirement fund and to avoid an award of spousal support to Father. *See* Ariz. R. Fam. Law P. 69(A)(2) (providing that agreements between the parties set forth on the record before a judge shall be "valid and binding"). The superior court did not abuse its discretion when it accepted that agreement.

### II. The Superior Court Erred in Granting Father Equal Parenting Time With the Oldest Child.

**¶11** Mother argues the superior court erred in granting Father equal parenting time with A.P., the couple's oldest child. Decisions regarding parenting time are reviewed for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). "A trial court abuses its discretion when it commits an error of law or 'reaches a conclusion without considering the evidence . . . or the record fails to provide substantial evidence to support the trial court's finding.'" *Schickner v. Schickner*, 237

4

Ariz. 194, 197, ¶ 13 (App. 2015) (quoting *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App.2007)).

¶12            Here, the record does not provide substantial evidence to support equal parenting time for A.P.  Father only requested reasonable parenting time outside of the home while he rebuilt his relationship with A.P., and both parties testified as to the strained relationship between Father and A.P.  At the time of the evidentiary hearing, Father had only seen A.P. "once or twice" since the temporary order and the meetings "didn't go well" because A.P. was "still, like, having, like, anxiety and all these type of things."  Mother presented A.P.'s therapy notes as evidence of her daughter's mental health problems which were being exacerbated by Father.

¶13            The decree is also inconsistent regarding A.P.  Child support was reduced because Father was not exercising equal parenting time and the decree describes Father's relationship with A.P. as "strained," and commends the parents on their "flexibility" and efforts to address the relationship between Father and A.P.  The decree further contemplates additional time to restore the relationship between Father and A.P. because "Mother has been the only custodial parent during the pendency of this action and that may continue until Father's relationship is restored with the oldest child."  Despite these findings and the wishes of the parties, the decree awarded equal parenting time to both parents on a 5-2-2-5 schedule for all three children.

¶14            Because equal parenting time for A.P. is not supported by substantial evidence and the decree is internally inconsistent regarding A.P., we conclude that the superior court abused its discretion under A.R.S. § 25-403.02(C) when it ordered equal parenting time over A.P.  We vacate that portion of the decree and remand to the superior court to determine appropriate parenting time for A.P.

## III.  The Superior Court Erred in its Child Support Calculations.

¶15            Because we vacate the decree as it applies to parenting time for A.P., we also vacate the award of child support based on 50/50 parenting time as to all three children.  On remand, the superior court should, pursuant to Arizona Child Support Guidelines § 16, separately calculate child support (i) for the couple's younger children, and (ii) for A.P. based on the amount of time she is in Father's custody.  After an appropriate amount is calculated, the superior court may then determine whether any deviation is merited under A.R.S. § 25-320(D); *see also* Guidelines § 20.

## CONCLUSION

**¶16** For the foregoing reasons, we affirm the superior court's decree regarding spousal maintenance and division of property, but vacate and remand the parenting time for A.P. and child support order for further proceedings. In exercise of our discretion, we deny Mother's request for attorney's fees and costs under A.R.S. § 25-324.

