ECKERSTROM, Chief Judge:
¶ 1 Jill Abril appeals from the trial court's grant of an injunction against harassment in favor of Nydia Wood and her three minor children. For the following reasons, we vacate the injunction.
¶ 2 In July 2017, Wood sought an injunction against her ex-husband's girlfriend, Abril. The trial court granted the injunction and, after holding a hearing requested by Abril, the court affirmed the injunction. This appeal followed.
Jurisdiction
¶ 3 Although neither party has raised the issue, this court has an independent duty to examine its own jurisdiction. See In re Marriage of Johnson and Gravino , 231 Ariz. 228, ¶ 5, 293 P.3d 504, 505 (App. 2012). The trial court's order refusing to dissolve the injunction after a hearing did not contain language pursuant to Rule 54(c), Ariz. R. Civ. P., that no further matters remained pending and that the judgment was final.
¶ 4 Injunctions against harassment are governed by the Arizona Rules of Protective Order Procedure. See A.R.S. § 12-1809 ; Ariz. R. Protective Order P. 1. When an injunction against harassment is not sought in conjunction with a pending family law case, the Arizona Rules of Civil Procedure apply to the extent they are not inconsistent with the Rules of Protective Order Procedure. Ariz. R. Protective Order P. 2. This case is not associated with any pending family law matter, and Rule 54(c), Ariz. R. Civ. P., does not conflict with the Rules of Protective Order Procedure.
¶ 5 However, in Brumett v. MGA Home Healthcare, L.L.C. , this court concluded that "neither Rule 54(b) nor Rule 54(c) apply to rulings that are not 'final judgments' but are independently appealable by statute." 240 Ariz. 420, ¶ 11, 380 P.3d 659, 666 (App. 2016). We further noted that an order granting, dissolving, or refusing to dissolve an injunction pursuant to A.R.S. § 12-2101(A)(5)(b) was not a final judgment. Id. ¶¶ 20-21, 28. And, an order refusing to dissolve *222 an injunction against harassment is expressly appealable under § 12-2101(A)(5)(b). Rule 54(c) therefore does not apply. See LaFaro v. Cahill , 203 Ariz. 482, ¶ 8, 56 P.3d 56, 59 (App. 2002) (applying previous version of statute). Accordingly, the order in this case is appealable notwithstanding the lack of Rule 54(c) language, and we have jurisdiction. See A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(5)(b).
Injunction Against Harassment
¶ 6 Abril claims the court's finding of harassment was not supported by sufficient evidence, specifically claiming the evidence showed, at most, one incident that could constitute harassment. We review a trial court's grant of an injunction against harassment for an abuse of discretion. LaFaro , 203 Ariz. 482, ¶ 10, 56 P.3d at 59. "If there is substantial evidence to support the issuance of an injunction, we will not substitute our judgment for that of the trial court." Prudential Ins. Co. of Am. v. Pochiro , 153 Ariz. 368, 370, 736 P.2d 1180, 1182 (App. 1987).
¶ 7 "[H]arassment" is defined in our statute in relevant part as "a series of acts over any period of time." A.R.S. § 12-1809(S). "At a minimum, the 'series of acts' condition requires two incidents." LaFaro , 203 Ariz. 482, ¶ 14, 56 P.3d at 60. Here, Wood's petition alleged two incidents: a "verbal altercation" between herself and Abril in March 2017 and a "physical fight" at Abril's home in April 2017. She also alleged that, in July 2017, Wood's ex-husband told her that Abril was a heavy drinker and that Abril had called her and sent her text messages to harass her.
¶ 8 At the evidentiary hearing, Wood, testifying about the March incident, stated, "[Abril] didn't say anything. It was just a verbal fight between me and [Wood's ex-husband]." When the trial court asked if it was correct that she had only argued with her ex-husband in March, and not with Abril, she said that it was. This incident therefore could not support a finding that Abril harassed Wood on that occasion. See id. ¶ 13. Likewise, Wood's ex-husband telling her that Abril was a heavy drinker could not constitute harassment for the same reason-it did not involve any conduct by Abril directed at Wood. Id.
¶ 9 Wood alleged in her petition that Abril had harassed her through phone calls and text messages, but, at the evidentiary hearing, did not testify that she had received any phone calls or text messages from Abril, nor about the contents of those texts or calls alleged in the petition. The record is therefore devoid of any evidence to support that allegation.
¶ 10 The only remaining incident in the petition is the physical fight that occurred in April. And a single incident is insufficient to support a finding of harassment, which requires a minimum of two incidents. § 12-1809(S) ; LaFaro , 203 Ariz. 482, ¶ 14, 56 P.3d at 60. The trial court's finding that Abril had harassed Wood was not supported by substantial evidence, and the court abused its discretion by refusing to dissolve the injunction. See Ariz. Ass'n of Providers for Persons with Disabilities v. State , 223 Ariz. 6, ¶ 14, 219 P.3d 216, 222-23 (App. 2009).
Disposition
¶ 11 For the foregoing reasons, we vacate the injunction.