## · MRS. R. A. HARDEMAN v. THE STATE.

### No. 7459. Decided February 21, 1923.

### Rehearing Denied June 20, 1923.

**1.—Bawdyhouse—Substitution—Information and Complaint.**

In the absence of any showing in the transcript that any information or complaint was substituted, and that the original was lost, the matter cannot be considered on appeal.

**2.—Same—General Reputation—Prostitute.**

. Upon trial of keeping a bawdyhouse there was no error in admitting testimony that a number of the inmates of said house were women who had pleaded guilty as prostitutes; that their general reputation was that of common prostitutes, and that they had been fined in court for such offense.

**3.—Same—Rehearing—Disorderly House—Rule Stated.**

In making out a disorderly house case it is permissible for the State in any legitimate way to show that the female inmates of such house are prostitutes, and that the defendant was aware of such fact, and one way of mak'ng such proof is to show that prior to the time charged the women resorting to or residing in such house had been charged or convicted of that character of vagrancy arising from being common prostitutes; however, it is not permiss'ble to prove this by oral testimony instead of by the record if the latter can be obtained, as the record evidence is the best evidence. Following Bowman v. State, 73 Texas Crim. Rep., 194.

Appeal from the County Court of Tarrant. Tried below before the Honorable P. W. Seward.

Appeal from a conviction of keeping a bawdy house; Penalty, a fine of two hundred dollars, and twenty days confinement in the county jail.

The opinion states the case.

*Mays & Mays, F. M. Chaney,* for appellant.—On question of introducing oral testimony as to pleas of guilty to vagrancy; cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, *R. K. Hanger,* District Attorney, *Robert B. Young, Jr.,* Assistant District Attorney.

LATTIMORE, JUDGE.—Appellant was convicted in the County Court at law Tarrant County of keeping a bawdy house, and her punishment fixed at a fine of $200 and twenty days in the county jail.

There is complaint in appellant's brief of the manner of substitution of the information and complaint herein. There is no bill of exceptions relating to or presenting this matter, and we find nothing in the transcript from which we derive any information of the fact that there has been such substitution. In this condition of the record

it is manifest we can not consider this complaint presented in the brief.

It appears that upon information the officers went to a rooming house in Fort Worth which was occupied by appellant. They asked her in regard to the people in the house and she told them that the only occupants of her rooms at that time were two men. They proceeded to search the house and found in a number of the rooms men in bed and in the rooms with women in various stages of undress. It was shown by sufficient testimony that a number of said women were prostitutes and that they had been charged with vagrancy, to-wit: being common prostitutes and had paid fines therefor. Testimony of the fact that such women had the general reputation of being common prostitutes, and that they had been charged in court with vagrancy based upon their character as prostitutes, and that they had been fined therefor, would seem to be admissible.

The evidence seems to us to amply support the conclusion of guilt, and finding no error in the record, an affirmance is ordered.

*Affirmed.*

ON REHEARING.

March 21, 1923.

LATTIMORE, JUDGE.—In making out a disorderly house case it is permissible for the State in any legitimate way to show that the female inmates of such house are prostitutes, and that the accused is aware of such fact. One way in which our courts have said that this proof may be made, is by showing that prior to the time charged the women or any of them resorting to or residing in such house, have been charged or convicted of that character of vagrancy arising from being common prostitutes. This was attempted in the instant case and the State's method of making such proof is vigorously attacked in the motion for rehearing. A justice of the peace testified that two women who were found in appellant's house on the occasion same was raided by the officers had pleaded guilty to vagrancy, to-wit: to being common prostitutes, in his court. When we wrote our original opinion we were under the belief that the docket of said justice showed these facts, and that said docket was in evidence. The Bowman case, 73 Texas Crim. Rep. 194, contains the following:

"Objection was urged that this testimony was irrelevant and immaterial to any issue in the case, and was highly prejudicial to the rights of defendant, and because it was not the best evidence. If appellant had plead guilty to a charge of vagrancy, the court papers and dockets should be used to show that fact; and further, the duty was upon the State to first show under what section of the vagrancy statute, if this was what was intended the defendant had been charged, and had plead guilty, before such plea, if admissible at all, could have been admissible in this case. The court overruled the ob-

jection and the testimony went before the jury. We think this was error.''

This would seem to indicate that the fact of one being charged with being a vagrant, to-wit: a common prostitute, and having plead guilty to such charge, may be shown by the complaint and by the docket entries. Our attention has been directed to a qualification attached to the bill of exceptions presenting this matter, in which the learned trial court says that the docket entries were not admitted in evidence. This makes it plain that the justice was giving oral testimony of record facts. Objection was made to his testimony that it was not the best evidence. This was overruled. It was an erroneous ruling. Oral testimony of such facts when relied on to. make out guilt, seems inadmissible. Goosby v. State, 80 Texas Crim. Rep. 136. A plea of guilty or a judgment of conviction of the original taker, is admissible in developing a case against one charged with receiving and concealing stolen property, as proving the theft, but it is no where held that such facts may be proven orally if there be objection. A plea of guilty to vagrancy based on any other section of the vagrancy statute than the one making a vagrant of a common prostitute, would have no pertinence in making out a case such as the one before us, and such testimony would be inadmissible. The fact that this section of the statute formed the basis of the charge to which the plea of guilty was entered, might be evidenced by the complaint, or in some cases by the docket entries, but secondary evidence of 'the contents of such writings in a case of this king would not be admissible in the first instance. This being true, we think ourselves in error in not upholding appellant's objection to the testimony of said justice of the peace. The motion for rehearing must be granted, the affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 20, 1923.

LATTIMORE, Judge.—The State files a motion for rehearing in which no authorities are cited holding contrary to our conclusion as announced in the original opinion, and no argument is presented attempting to show any fallacy or error in our reasoning.

No error being made to appear in our decision of the case, the motion will be overruled.

*Overruled.*