## Tung-Sol Lamp Works, Inc. *v.* Harry E. Monroe.

February Term, 1943.

Present: Moulton, C. J., Sherburne, Buttles, Sturtevant and Jeffords, JJ.

Opinion filed May 4, 1943.

*Vernon J. Loveland* for the plaintiff.

*Ezra S. Dike* for the defendant.

*Louis Lisman* as *amicus curiae* for the defendant.

Jeffords, J. This action of tort for the conversion of certain funds alleged to belong to the plaintiff was tried in the Addison Municipal Court without a jury. From the findings it appears that the plaintiff by written agreement appointed the defendant its agent to sell its radio tubes. These tubes were shipped the defendant on consignment who agreed to make monthly reports of sales and remittances for goods sold at the end of each month. On May 31, 1938, the defendant had not remitted the sum of $65.82 for which amount this suit was brought.

By the terms of the contract the plaintiff appointed the Vermont Electric Supply Company its "serving agent." The Court found that on June 6th, 1939, the defendant owed this latter com-

pany "another bill of approximately $35.00, and after June 5th there was no further indebtedness of Monroe."

The findings conclude with the following:

> 4. "I find that under the contract Monroe's business was all carried on through the Vermont Electric Supply Company, Inc., as agent for Tung-Sol Lamp Works, Inc., that he received tubes from them and that he remitted and made checks payable to them, that he ceased to do business the first part of June, 1939, and that a suit was brought against him by the Vermont Electric Supply Company, Inc., before Robert J. Alpert, who was a duly qualified justice of the peace of Rutland County, the records and files of the justice in this suit were admitted as evidence and show that such suit was brought and a judgment entered in said justice court for the amount of $120.25 (damages $114.93 and costs of $5.32)."

> 5. "I find that the account of the Tung-Sol Lamp Works, Inc., was included in the suit of the Vermont Electric Supply Company, Inc., as serving agent, and was settled by a judgment in the justice court as above found."

Judgment was entered for the defendant and the case is here on plaintiff's exceptions which, as briefed, relate to the above numbered findings and to the admission of evidence.

The defendant claimed in oral argument that no exception was taken by the plaintiff to the judgment and consequently nothing is here for review. There is no merit to this contention as it clearly appears from the bill of exceptions that such an exception was taken by the plaintiff and allowed by the Court.

It is evident the basis for the judgment in this case is that the plaintiff is estopped by the judgment in the justice court in the suit brought by the Vermont Electric Supply Co. against Monroe. This is made apparent from finding No. 5 taken in connection with finding No. 4. The present case stood on a general denial. One ground of the exception to finding No. 5 was, in substance, that it allowed the defendant to take advantage of this defense of estoppel without having specially pleaded the same and thus wrongfully broadened the issues made by the pleadings.

230

■ Our cases are not uniform in deciding whether a former adjudication which is relied upon as having determined the entire merits of the controversy now at hand must be specially pleaded as an estoppel. Some either indicate or hold that such a former judgment could be shown under the general issue without having been pleaded. See *Gray* v. *Pingry,* 17 Vt 419 at 423, 44 Am Dec 345; *Whitney* v. *Clarendon,* 18 Vt 252, 46 Am Dec 150; *Mussey* v. *White,* 58 Vt 45, 3 A 319. From others is to be drawn the rule that such a judgment in order to be available as an estoppel must be pleaded if the party relying upon it has an opportunity to plead it. Otherwise it is waived. See *Brinsmaid* v. *Mayo,* 9 Vt 31; *Isaacs* v. *Clark,* 12 Vt 692, 36 Am Dec 372; *Wells* v. *Boston and Maine R. R.,* 82 Vt 108, 118, 71 A 1103, 137 Am St Rep 987. The latter is the rule with us in respect to defenses of estoppel generally. See *Nadeau* v. *Union Mutual Fire Ins. Co.,* 109 Vt 508, 513, 1 A2d 735, and cas. cit.

■ Any doubt in the matter has been resolved by our cases decided since the passage of our Practice Act (P. L. Ch. 67). We have held many times that the defense of a general denial provided for in that act only puts in issue the material allegations of the pleading to which it is addressed and that it is now necessary that all matters relied upon as an affirmative defense should be specially pleaded, when the statute does not provide otherwise. *McAllister* v. *Benjamin,* 96 Vt 475, 488, 121 A 263; *Howard Nat. Bank* v. *Wilson,* 96 Vt 438, 443, 120 A 889; *Burlington Grocery Co.* v. *Lines,* 96 Vt 405, 408, 120 A 169; *Dernier* v. *Rutland Ry. L. & P. Co.,* 94 Vt 187, 190 et seq., 110 A 4; *Bradley* v. *Blandin,* 92 Vt 313, 104 A 11. Inasmuch as the claimed fact of a former judgment constituted no part of the allegations of the complaint it must properly be considered as an affirmative defense within the meaning· of the cases last cited and consequently should have been specially pleaded in order to have been available to the defendant. See especially *McAllister* v. *Benjamin, supra.* This rule is also set forth, in substance, in *Nichols* v. *Lane,* 93 Vt 87, 91, 106 A 592, a case much in point with the case at bar. Our holding is in accord with our holdings generally on the necessity of pleading an estoppel as heretofore noted and also follows the majority rule that one relying upon the doctrine of *res judicata* must plead the prior

adjudication as an estoppel. 20 Am Jur 983, sec. 255. Annotation 120 ALR at page 55.

As far as it appears from the record the defendant had full opportunity to plead an estoppel and no claim to the contrary is made. Nor is any question of waiver here involved as the plaintiff fully protected its rights by its various exceptions. Consequently it was error for the trial court to use this defense as a basis for its findings and the judgment based thereon.

■ But error in respect to finding No. 5 is not based solely on the matter of pleading. Another ground of the exception to this finding was that the evidence in the case did not warrant nor support it. The record discloses that the plaintiff is correct in this contention. It is apparent that this finding is based on the suit referred to in finding No. 4. The writ in that case was introduced as an exhibit over plaintiff's objections. An examination of the writ and the transcript in the present case discloses nothing in the way of evidence which would warrant the statements made in finding No. 5. The present plaintiff was not a party to that suit nor as far as the record discloses in privity with the named plaintiff. By the terms of the contract heretofore referred to a "serving agent" was not authorized to bring suits for the present plaintiff so it could not properly be inferred from the contract that the Vermont Electric Supply Co. did so bring the justice suit. The oral evidence in the case is silent on this matter. Nor does it appear from the record, directly or by reasonable inference, that the subject matter of and the causes of action in the two suits are the same. The meagre evidence in the case points to the contrary. Thus most, if not all, of the essential elements of an estoppel by judgment are here lacking. *Cutler* v. *Jennings,* 99 Vt 85, 89, 130 A 583; *Gray* v. *Pingry,* 17 Vt at page 425, 44 Am Dec 345. It is apparent that the statements contained in finding No. 5 must have been based merely on surmise or conjecture which could afford no legal basis for the finding. *Boguski, Admr.* v. *Winooski,* 108 Vt 380, 387, 187 A 808; *Cummings, Admr.* v. *Cambridge,* 93 Vt 349, 352, 107 A 114.

The plaintiff's exceptions to the statements contained in finding No. 4 to the effect that the justice case was tried before a qualified justice of the peace need not be considered as the certificate of his

election appears in the files of the case. It was agreed by all parties and the court that unless such certificate were filed within a certain time the testimony given by Alpert should be stricken from the record. Inasmuch as the case must be reversed we will spend no time in determining whether the agreement was complied with to the letter or the effect of such non-compliance, if any.

The last exception briefed by the plaintiff relates to the method of introducing the evidence of the judgment in the justice court. The defendant over plaintiff's objections and exceptions showed the existence of the judgment partly through oral testimony of the justice and partly by the introduction as exhibits of the various papers constituting the file in the case. In addition to these papers a record of the docket entries was also introduced. In sustaining this exception it is sufficient to refer to some of our cases which set forth the correct way to introduce such a judgment in evidence. Among such cases are the following: *Strong* v. *Bradley,* 13 Vt 9; *Nye* v. *Kellam,* 18 Vt 594; *Ellsworth* v. *Learned,* 21 Vt 535. See also 20 Am Jur 850, sec. 1002.

Ordinarily we would enter judgment for the plaintiff to recover the sum shown by the findings to be due it from the defendant. The plaintiff, however, has indicated no desire that we take such action and, moreover, for reasons not necessary to discuss, we feel by so doing an injustice might result to one or both of the parties. Consequently we deem it best merely to reverse and remand.

*Judgment reversed and cause remanded.*