972 P.2d 230

In re the MARRIAGE OF Louis Michael ZALE, Jr., Petitioner/Appellee,

and

Bonnie Lee Zale, Respondent/Appellant.

No. CV–97–0287–PR.

Supreme Court of Arizona, En Banc.

Jan. 12, 1999.

Law Offices of John R. Zarzynski by John R. Zarzynski, Mesa, for Petitioner/Appellee.

Stompoly, Stroud, Giddings & Glicksman, P.C. by James L. Stroud, Tucson, for Respondent/Appellant.

## OPINION

EHRLICH, J.*

¶1 We granted review to answer the question whether a court may consider evidence extrinsic to the record to resolve the meaning of a judgment. We hold that the parol evidence rule does not apply to a judgment. For this and other reasons discussed below, the trial court and the court of appeals erred in concluding that the decree of dissolution established a fixed-term award. We thus remand this case for further proceedings with regard to the award and the payment of spousal maintenance.

### FACTS AND PROCEDURAL HISTORY

¶2 In 1986, ten years after Bonnie and Mike Zale were married, Mrs. Zale was involved in an automobile accident that left her permanently incapacitated and unable to work. Four years later, Mr. Zale filed an action for dissolution of their marriage.

¶3 Upon stipulation of the parties, on October 10, 1991, the trial court filed a minute entry, stating in part:

> [Mr. Zale] shall pay spousal maintenance to [Mrs. Zale] in the sum of $600.00 per month, commencing November 15, 1991 for a period of eighteen (18) months, after 18 months said payments to increase to $750.00 per month for a period of 18

* The Honorable Susan A. Ehrlich, Judge, Arizona Court of Appeals, was authorized by the Chief Justice of the Arizona Supreme Court to participate in this matter pursuant to Article 6, Section 3 of the Arizona Constitution.

months and to terminate after the second period of 18 months; . . . .

* * *

FURTHER ORDERED setting the matter for Review on Monday, November 21, 1994. . . .

¶ 4  Eventually a decree drafted by Mr. Zale's counsel, Robert Cimino, was sent to Mrs. Zale's counsel at the time.  The trial court notified the parties that it would sign the proposed decree absent an objection from Mrs. Zale. When no objection was filed, the court, on November 21, 1991, entered the decree as drafted by Mr. Cimino.  There were several discrepancies between the minute entry and the decree, including a different provision concerning spousal maintenance, which by the terms of the judgment stated in part:

> FURTHER ORDERED that [Mr. Zale] shall pay spousal maintenance to [Mrs. Zale] in the sum of $600.00 per month for the first 18 months following signing of the decree; $750.00 per month thereafter; . . . . This spousal maintenance obligation shall be reviewed 36 months after the signing of this decree.

¶ 5  Pursuant to the schedule provided in the judgment, a review hearing was held on November 21, 1994.  Only Mr. Zale and his new counsel appeared.  Although the trial court opined that spousal maintenance should end, it offered Mrs. Zale an opportunity to respond.  Mrs. Zale objected, asserting the need for an indefinite award of spousal maintenance because of her deteriorating health.

¶ 6  At a hearing on September 6, 1995, the trial court admitted evidence from Mrs. Zale, Mr. Zale and Mr. Cimino, each of whom testified regarding her or his understanding of the duration of spousal maintenance.  The court subsequently concluded that the decree provided for a fixed term of spousal maintenance, and it denied Mrs. Zale's request to extend the award, stating that she had not shown "sufficient evidence of a substantial and continuing change of circumstances from the time of the original award."

¶ 7  Mrs. Zale appealed, arguing that the decree unambiguously provided for an indefinite award of spousal maintenance, that the trial court erred in considering evidence extrinsic to the decree to determine the parties' intent and that such evidence violated the parol evidence rule.  The court of appeals affirmed, finding that the language of the decree was "reasonably susceptible" of Mr. Zale's interpretation and that the admission of parol evidence was proper, relying on *Taylor v. State Farm Mutual Automobile Ins. Co.*, 175 Ariz. 148, 854 P.2d 1134 (1993).  The court added that, given the decision that spousal maintenance ended after 36 months, it was not error for the trial court to have placed on Mrs. Zale the burden of proving a substantial and continuing change of circumstances, citing *Rainwater v. Rainwater*, 177 Ariz. 500, 504, 869 P.2d 176, 180 (App.1993). It then rejected Mrs. Zale's argument that she had carried her burden because her disability had been known at the time of the decree and neither party had expected that her condition would improve.

¶ 8  Mrs. Zale petitioned this court for review.  She argues that parol evidence is not admissible to alter a judgment, whether the judgment is susceptible to Mr. Zale's interpretation, whether the burden is on her to prove a change of circumstances and whether her alleged change of circumstances is an appropriate issue for remand to the trial court.

## DISCUSSION

### A.  Applicability of Parol Evidence Rule to Judgment

¶ 9  In *Taylor*, this Court discussed the application of the parol evidence rule to an insurance contract and whether evidence other than the written contract may be admitted to interpret the contract language. 175 Ariz. 148, 854 P.2d 1134.  In upholding the admission of extrinsic evidence to interpret an agreement, the "parol evidence rule prohibits extrinsic evidence to vary or contradict, but not to interpret the agreement." *Id.* at 152, 854 P.2d at 1138.  Because the need for interpretation presupposes ambiguity, ambiguity is the prerequisite to the admission of extrinsic or parol evidence.  This court explained: "The better rule is that the judge first considers the offered evidence

and, if he or she feels that the contract language is 'reasonably susceptible' to the interpretation asserted by the proponent, the evidence is admissible to determine the meaning intended by the parties." *Id.* at 154, 854 P.2d at 1140. It is this language that was adopted by the court of appeals as the basis to uphold the trial court's admission of the evidence in question.

¶ 10 However, it is error to conclude that the parol evidence rule applies to judgments. A judgment is not an agreement between or among the parties. Rather, it is an "act of a court which fixes clearly the rights and liabilities of the respective parties to litigation and determines the controversy at hand." *Wolf Corp. v. Louis,* 11 Ariz.App. 352, 355, 464 P.2d 672, 675 (1970). Parol evidence enables a court to "ascertain and give effect to the intention of the parties at the time the contract was made if at all possible." *Taylor,* 175 Ariz. at 153, 854 P.2d at 1139 (citing *Polk v. Koerner,* 111 Ariz. 493, 495, 533 P.2d 660, 662 (1975); *Darner Motor Sales, Inc. v. Universal Underwriters Ins. Co.,* 140 Ariz. 383, 393, 682 P.2d 388, 398 (1984); *Sam Levitz Furniture Co. v. Safeway Stores, Inc.,* 105 Ariz. 329, 330–31, 464 P.2d 612, 613–14 (1970)). The rule serves a different purpose with regard to a judgment. "After all, the purpose [of the parol evidence rule] is to produce the contract result the parties intended, not that which the judge intends." *Id.* at 154 n. 2, 854 P.2d at 1140 n. 2. To apply the rule to a judgment, though, would make the court nothing more than another party to a contract, thus undermining the integrity of the judicial process and the authority of the court to resolve disputes. It also would impinge upon the finality of judgments.

¶ 11 Indeed, applying the parol evidence rule to a judgment would create a result contrary to the very rationale for a judgment. "A final judgment or decree decides and disposes of the cause on its merits, leaving no question open for judicial determination." *Decker v. City of Tucson,* 4 Ariz. App. 270, 272, 419 P.2d 400, 402 (1966). It

exists as an independent resolution by the court of the issues before it and rightfully is regarded in that context and not according to the negotiated intent of the parties. *United States v. 60.22 Acres of Land,* 638 F.2d 1176, 1178 (9th Cir.1980), *cert. denied,* 451 U.S. 985, 101 S.Ct. 2318, 68 L.Ed.2d 842 (1981). "A judgment is a solemn record. Parties have a right to rely upon it. It should not lightly be disturbed, and ought never to be overthrown or limited by the oral testimony of a judge or juror of what he had in mind at the time of the decision." *Fayerweather v. Ritch,* 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193 (1904).[1]

¶ 12 The United States Supreme Court considered the res judicata effect of a lower court's decree in *Lyon v. Perin and Gaff Manufacturing Co.,* 125 U.S. 698, 8 S.Ct. 1024, 31 L.Ed. 839 (1888). The dispute was over the *"nature* of the former judgment— that is, whether it is a final judgment or decree." *Id.* at 700, 8 S.Ct. 1024 (emphasis original). The appellant sought recourse to a statement by the clerk of the court made almost two years after the decree. The Court looked entirely to the decree itself and said: "This is the record to which the court must look, and not to the statement of the clerk of the court made two years afterwards. This decree on its face is absolute in its terms, is an adjudication of the merits of the controversy and therefore, constitutes a bar to further litigation of the same subject between the parties." *Id.* at 702, 8 S.Ct. 1024.

¶ 13 The parol evidence rule has been erroneously applied by Arizona courts to judgments in the past. *Shaughnessy v. Shaughnessy,* 164 Ariz. 449, 452, 793 P.2d 1116, 1119 (App.1990) (not abuse of discretion to exclude testimony from spouse's former attorney to interpret decree provision because to do so would "violate the parol evidence rule"); *Lincoln v. Lincoln,* 24 Ariz. App. 447, 539 P.2d 921 (1975) (admission of testimony from counsel violated parol evidence rule); *In re Estate and Guardianship of Purton,* 7 Ariz.App. 526, 441 P.2d 561 (1968) (parol evidence applicable to judg-

---

1. Ariz. R. Civ. P. 60 is available to correct clerical and other mistakes in a judgment, as well as to    provide other relief.

ments but judgment at issue not ambiguous); *City of Glendale v. Skok,* 6 Ariz.App. 342, 345, 432 P.2d 597, 600 (1967) (adjudication in prior appeal would not be varied by language used in subsequent order because "parol evidence rule is to lend stability to integrated written expressions of intent"). In each instance, the court began its analysis with the question whether the judgment was ambiguous. If the court determined that it was not, it applied the parol evidence rule to exclude the proffered extrinsic evidence.[2]

¶ 14 To apply the parol evidence rule to a judgment allows an impermissible collateral attack. "Probing the mental processes of a trial judge, that are not apparent on the record of the trial proceedings, is not permissible." *Hyden v. Law Firm of McCormick,* 115 N.M. 159, 848 P.2d 1086, 1092 (N.M.App. 1993).

> Courts have ruled that a judgment cannot be proved by parol evidence, such as the testimony of a judge of a former trial, where the record is the best evidence, *e.g., Blue Mountain Iron and Steel Co. v. Portner,* 131 F. 57 (4th Cir.), *cert. denied,* 195 U.S. 636, 25 S.Ct. 793, 49 L.Ed. 355 (1904); *Rickard v. State,* 283 Ala. 534, 219 So.2d 363 (1969); *Hardeman v. State,* 94 Tex. Cr.R. 642, 252 S.W. 503 (1923); *State v. Lee,* 103 W.Va. 631, 138 S.E. 323 (1927); and such testimony is inadmissible to contradict or vary the terms of a judgment. *E.g. Fayerweather v. Ritch,* 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193 (1904); *Tung–Sol Lamp Works, Inc. v. Monroe,* 113 Vt. 228, 32 A.2d 120 (1943).

*People v. Tippett,* 733 P.2d 1183, 1194 (Colo. 1987).

¶ 15 We conclude that the parol evidence rule, a rule of substantive contract law, does not apply to a judgment.

### B. The Spousal Maintenance Award

■ ¶ 16 Having concluded that the parol evidence rule does not apply to a judgment, we determine whether the decree, on its face, establishes a fixed or an indefinite award of spousal maintenance. As quoted above, the decree states that Mr. Zale "shall pay spousal maintenance to [Mrs. Zale] in the sum of $600.00 per month for the first 18 months following signing of decree; $750.00 per month thereafter;.... This spousal maintenance obligation shall be reviewed 36 months after the signing of this decree."

¶ 17 The plain language of the decree portrays an indefinite award of spousal maintenance. First, there are no words of limitation following the phrase "$750.00 per month thereafter;...." There is no specified end to the duration. Second, to assume that the court intended maintenance to end after 36 months renders meaningless the provision for a "review 36 months after the signing of this decree." *See Stine v. Stine,* 179 Ariz. 385, 388, 880 P.2d 142, 145 (App.1994) ("A meaning should not be assigned to part of the language which would render another part meaningless...."). Third, if the judgment were for a fixed term, the trial court would have had no jurisdiction to review the decree the day after the expiration of the 36 months. At that time, neither side objected to the court's continuing jurisdiction, which it retained only "over the issue of maintenance for the period of time maintenance is awarded." ARIZ.REV.STAT. ANN. ("A.R.S.") § 25–319(C); *see Evitt v. Evitt,* 179 Ariz. 183, 184, 877 P.2d 282, 283 (App.1994). Moreover, although Mr. Zale argues that an indefinite period of spousal maintenance is contrary to this state's public policy, it becomes acceptable if independence is unlikely to be achieved by Mrs. Zale. *Rainwater,* 177 Ariz. at 504–05, 869 P.2d at 180–81.

■ ¶ 18 Further, Mr. Zale's efforts to compare and contrast the language of the minute entry with that of the decree are not persuasive. First, the reference to a separate document, the minute entry, is unnecessary given the language of the decree. *Cf. Benson v. State,* 108 Ariz. 513, 515, 502 P.2d 1332, 1334 (1972) ("A judgment which is am-

---

**2.** However, in *Anderson v. State,* 54 Ariz. 387, 96 P.2d 281 (1939), the appellate court allowed parol evidence from a trial judge to explain the circumstances of an order. A juror who had sat on a criminal trial was under guardianship. The evidence was solicited to determine if the incompetency which had precipitated the guardianship was such that the juror should have been disqualified.

biguous and uncertain may be read in connection with the entire record and construed accordingly," quoting 46 AM.JUR.2D *Judgments* § 76 (1969)). Second, were there an ambiguity, the judgment rather than the minute entry controls. *McFadden v. McFadden*, 22 Ariz. 246, 250, 196 P. 452, 453 (1921). Third, the proffered doctrine of merger does not apply because the judgment makes no reference to the minute entry. *See LaPrade v. LaPrade*, 189 Ariz. 243, 247, 941 P.2d 1268, 1272 (1997).

## C. Burden of Proving Changed Circumstances

 ¶ 19 Because the decree establishes a spousal maintenance award of indefinite duration, we remand this case for the trial court's reconsideration. Upon remand, it is Mr. Zale's burden to demonstrate a change in Mrs. Zale's circumstances. *Rainwater*, 177 Ariz. at 504–05, 869 P.2d at 180–81; *see generally* A.R.S. § 25–327(A) (Supp. 1997).

## D. Attorneys' Fees

¶ 20 Mrs. Zale claims an entitlement to attorneys' fees and costs on appeal pursuant to A.R.S. section 25–324 (Supp. 1997), which authorizes us to order one party to pay the fees and costs incurred by the other party in a domestic relations case after considering the parties' relative financial resources. The purpose of the statute is to provide a remedy for the party least able to pay. *Gore v. Gore*, 169 Ariz. 593, 594, 821 P.2d 254, 255 (App.1991). However, we are unable to make the determination on the record before us. *See Sharp v. Sharp*, 179 Ariz. 205, 211, 877 P.2d 304, 310 (App.1994). This, too, is an appropriate subject for consideration by the trial court upon remand.

## CONCLUSION

¶ 21 We vacate the decision of the court of appeals, reverse the order of the trial court and remand this case for a hearing at which Mr. Zale bears the burden of demonstrating Mrs. Zale's changed circumstances as of November 21, 1994. The court shall decide whether a modification of the spousal maintenance award is appropriate and, if so,

to what degree. Should Mrs. Zale's and Mr. Zale's circumstances have changed significantly and if the evidence warrants, termination of spousal maintenance is, of course, permissible. Resolution of that matter, however, remains within the sound discretion of the trial court. A determination of attorneys' fees and costs also is appropriate.

ZLAKET, C.J., JONES, V.C.J., and FELDMAN and MARTONE, JJ., concur.