NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ROBYN MARIE SESSIONS, *Petitioner/Appellee*,

*v.*

VITALE NICOLO SESSIONS, *Respondent/Appellant*.

No. 1 CA-CV 15-0589 FC
FILED 10-25-2016

Appeal from the Superior Court in Maricopa County
No. FC2002-011187
The Honorable Joseph P. Mikitish, Judge

**AFFIRMED**

COUNSEL

Raymond S. Dietrich PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Petitioner/Appellee*

Law Office of Alan K. Wittig PC, Queen Creek
By Alan K. Wittig
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

**OROZCO**, Judge:

¶1        Vitale Nicolo Sessions (Husband) appeals from the superior court's order enforcing a domestic relations order (DRO) and directing use of the formula set forth therein to calculate his former wife's share of pension benefits.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        Husband and Robyn Marie Sessions (Wife) married on April 30, 1988.  Husband, then a police detective with the City of Mesa, began participating in the Public Safety Personnel Retirement System (PSPRS) on October 17, 1993.  Wife served Husband with a petition for dissolution on November 1, 2002.  The parties agreed to divide Husband's PSPRS pension benefits pursuant to a DRO, and the superior court dissolved the marriage effective February 1, 2005.

¶3        In December 2005, the superior court entered a stipulated DRO, which provided that if Husband did not commence his pension benefits upon completion of twenty years of service, Husband must pay Wife directly "monthly payments based upon the benefits available at completion of 20 years' service," pursuant to a formula.  Both parties approved the DRO as to form and content and signed the DRO.

¶4        The formula set forth in the DRO specified that Wife's fractional interest in Husband's pension benefits would be calculated as follows:

> A.        The amount of the payment payable to [Husband] based upon 20 years' total service will be multiplied by a fraction, the numerator of which is the number of months the parties were married to each other while [Husband] was participating in the [PSPRS] November 1, 2002, (as shall be determined by the [PSPRS] from the dates contained in this Order and

> the Records of the [PSPRS]and/or the records
> available to the [PSPRS]from participating employers)
> and the denominator of which shall be the total
> months of service upon [Husband's] completion of 20
> years' service, times fifty percent (50%).

> B.      From the amount determined in 2(A) above, the
> [PSPRS]shall subtract $219.14, and the resulting dollar
> amount shall be paid to [Wife].

¶5      In 2013, several months before Husband was to reach his twenty-year service mark, pension counsel calculated the amount Husband should pay Wife directly as $606.76 per month effective November 1, 2013.

¶6      In performing the calculation, pension counsel ran a benefit estimate using the PSPRS benefit estimator of the actual benefit that would be payable to Husband based on twenty years of service, which estimated Husband's monthly benefit to be $3,654.43. Pension counsel then noted that:

> The formula contained in the [DRO] directs that the benefit
> is to be multiplied by one-half and by a fraction, whose
> numerator is the number of months of benefit accrual during
> the marriage through November 1, 2002, and the
> denominator would be 20 years. My notes indicate that your
> date of marriage was April 30, 1988, and [Husband's] PSPRS
> start date was October 17, 1993. Therefore, the numerator
> should reflect 108.5 months (from October 17, 1993, through
> November 1, 2002, is 9 years and one-half month, or 108.5
> months), and the denominator is 240 months. Therefore,
> one-half of the community property interest in the PSPRS
> benefit is 22.6%. (108.5/240 x .5 = 22.6%)[.]

> The direct payment is calculated by multiplying $3,654.43 by
> 22.6% (or $822.90). Then the . . . offset amount of $219.14 is
> subtracted, leaving a direct payment amount to [Wife] of
> $606.76.

¶7      Husband objected to the calculation and instead offered to pay Wife $275 per month. Wife rejected Husband's offer and petitioned to enforce judgment. The superior court granted Wife's petition and ordered the parties to use the formula set forth in the DRO.

**¶8**　　　　We have jurisdiction over Husband's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and -2101.A.2 (West 2016).[1]

## DISCUSSION

**¶9**　　　　We review the superior court's order granting a post-decree petition for abuse of discretion.  *See City of Phx. v. Geyler*, 144 Ariz. 323, 328 (1985).  "An abuse of discretion may occur when a trial court commits an error of law in the process of exercising its discretion."  *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

**¶10**　　　　Husband argues that because the formula set forth in the DRO requires use of Husband's three highest years of income before the filing of the petition of dissolution, pension counsel incorrectly calculated the retirement benefit by using the Husband's benefit amount payable at his twenty-year service date.  Contrary to Husband's argument, however, the plain language of the DRO requires use of the "amount payable to [Husband] based upon 20 years' total service."  In accordance with the DRO, pension counsel used an estimate of the actual benefit that would be payable to Husband based on twenty years of service.

**¶11**　　　　Husband next argues that at the time he agreed to the DRO, he understood that the calculation would be based on the "past [highest] 3 years [of] income as of November 1, 2002."  Husband signed the DRO and agreed to its form and content.  A competent person is presumed "to know the contents of an agreement he signs."  *In re Estate of Henry*, 6 Ariz. App. 183, 186 (1967).  Moreover, a person who signs a written agreement "is bound to know and assent to its provisions in the absence of fraud, misrepresentation, or other wrongful acts by the other party."  *Teran v. Citicorp Person-to-Person Fin. Ctr.*, 146 Ariz. 370, 372 (App. 1985).  If Husband misunderstood the terms of the DRO, that was a unilateral mistake on his part.  *Hartford v. Indus. Comm'n of Ariz.*, 178 Ariz. 106, 111 (App. 1994) (noting that a unilateral mistake is one where only one party to an agreement is mistaken as to the subject matter or the agreement's expression).

---

[1] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

¶12    Finally, Husband argues that the DRO violates A.R.S. § 25-318 and *Koelsch v. Koelsch*, 148 Ariz. 176 (1986), because it awards some of Husband's post-dissolution income to Wife.  Section 25-318.A provides for the equitable division of community property at dissolution.  *In re Marriage of Flower*, 223 Ariz. 531, 535-36, ¶ 16 (App. 2010) (finding property characterized as community property subject to "equitable division").  Pension plans are a deferred form of compensation, and "any portion of the plan earned during marriage is community property subject to equitable division at dissolution." *Koelsch*, 148 Ariz. at 181.  In *Koelsch*, our supreme court addressed a formula used by the superior court—in the absence of a DRO—to divide the community interest of a pension plan for an employee eligible to retire under PSPRS who chose to continue working past normal retirement age, thus delaying receipt of retirement benefits.  *Id*. at 179.  In so doing, *Koelsch* observed that "earnings after dissolution are separate property." *Id*. at 181.  Relying on that language, Husband argues that calculating Wife's share of pension benefits using Husband's benefit amount payable at his twenty-year service mark violates A.R.S. § 25-318 and *Koelsch*.

¶13    In contrast to *Koelsch*, however, the dispute here involves the enforcement of the DRO, which is governed by the law of judgments.  Once the superior court approved and entered the DRO, it became a final appealable order.  A.R.S. § 12-2101.A.2; *Boncoskey v. Bonkoskey*, 216 Ariz. 448, 451, ¶ 12 (App. 2007) (recognizing the right to appeal from a qualified DRO as a special order after final judgment).  A final judgment "exists as an independent resolution by the court of the issues before it and rightfully is regarded in that context and not according to the negotiated intent of the parties." *In re Marriage of Zale*, 193 Ariz. 246, 249, ¶ 11 (1999).  Husband did not appeal the 2005 entry of the DRO and is thus bound by its terms. Therefore, we find no abuse of discretion by the superior court in enforcing the DRO and requiring the parties to use the formula set forth therein.

**CONCLUSION**

**¶14** For the foregoing reasons, we affirm. Both Husband and Wife request attorney fees and costs on appeal, but neither provide a basis for their fee request. In our discretion, we do not award either party attorney fees. However, as the prevailing party, Wife is entitled to costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA