NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

SARA A. RIDDICK, *Petitioner/Appellee*,

*v.*

BRANDON RIDDICK, *Respondent/Appellant*.

No. 1 CA-CV 25-0221 FC

FILED 11-03-2025

Appeal from the Superior Court in Maricopa County
No. FC2021-050304
The Honorable Colleen E. O'Donnell-Smith, Judge

**REVERSED AND REMANDED**

COUNSEL

Keist, Thurston, O'Brien P.C., Peoria
By Joel N. Thurston
*Counsel for Petitioner/Appellee*

Law Offices of Vescio & Seifert, P.C., Glendale
By Theresa L. Seifert
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Vice Chief Judge David D. Weinzweig joined.

**B A I L E Y**, Judge:

**¶1**        Brandon Riddick ("Husband") appeals the superior court's denial of his petition to terminate spousal maintenance owed to Sara Ziolkowski, f/k/a Sara A. Riddick ("Wife").  He argues the court erred in concluding that Arizona Revised Statutes ("A.R.S.") section 25-317(G) prevented the court from modifying the decree regarding spousal maintenance and in finding that the decree and Property Settlement Agreement ("PSA") terms prevented spousal maintenance from terminating upon Wife's remarriage.  For the following reasons, we reverse and remand for further proceedings consistent with this decision.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        Husband and Wife married in 1996.  They divorced in January 2022 pursuant to a consent decree for dissolution ("the decree"), approved by the superior court.  The couple has two children who were minors at the time of the divorce but have since turned eighteen years old.

**¶3**        The parties agreed to a division of community property and debts set forth in both the decree and the PSA and agreed the PSA would be incorporated but not merged into the decree.  Husband agreed to pay Wife $2,000 per month for child support and $2,000 per month for spousal maintenance for five years.  In regard to modification, the decree provides:

> Spousal maintenance is non-modifiable unless child support is decreased.  If child support is decreased, then spousal maintenance will increase so that Husband is paying Wife $4,000.00 per month combined child support and spousal support, for five years.

**¶4**        The PSA contains spousal maintenance language identical to the decree and adds:

> Regardless of any change of future circumstances, even if the events were unforeseen, as to either or both parties, each has expressly, irrevocably, and forever waived any right in the future to modify spousal maintenance, either on a temporary or permanent basis.

**¶5**        Wife remarried in May 2024. The following month, she petitioned for enforcement and contempt of court, claiming Husband was behind on his child support and spousal maintenance payments. Husband responded with a petition to terminate spousal maintenance and child support and to modify parenting time. As relevant here, Husband asserted that spousal maintenance should be terminated because Wife had remarried.

**¶6**        Wife admitted she remarried but argued the non-modification clause in the decree and PSA precluded terminating Husband's spousal maintenance obligation. Wife also agreed that the children were no longer eligible for child support but contended that any modification would have no practical effect because the decree required Husband's spousal maintenance obligation to increase concomitantly with any decrease in child support.

**¶7**        The superior court held a hearing on the petitions. The court found A.R.S. § 25-317(G) prevented it from exercising jurisdiction to modify the spousal maintenance award in the decree. The court also found that the terms of the decree and PSA prevented termination of spousal maintenance by any means, including Wife's remarriage. Husband timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶8**        Husband argues the superior court erred by finding Wife's remarriage did not terminate his spousal maintenance obligation under A.R.S. § 25-327(B). We review de novo legal questions, such as interpreting statues, rules, and the decree. *Felipe v. Theme Tech Corp.*, 235 Ariz. 520, 524, ¶ 10 (App. 2014); *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001). We will not overturn factual findings unless they are clearly erroneous. *Danielson*, 201 Ariz. at 406, ¶ 13.

I.      The PSA and Decree

**¶9**        The superior court denied Husband's petition to terminate spousal maintenance because it concluded the terms of the decree and PSA satisfied the requirements of A.R.S. § 25-327(B). The statute provides:

> Unless otherwise agreed in writing or expressly provided in the decree, the obligation to pay future maintenance is terminated on the death of either party or the remarriage of the party receiving maintenance.

A.R.S. § 25-327(B). The phrases "agreed in writing" and "expressly provided in the decree" refer to two forms of agreement that bind the parties to a dissolution of marriage. *Garlan v. Garlan*, 249 Ariz. 278, 282, ¶¶ 11-12 (App. 2020). The "agreed in writing" clause refers to the power of the parties to enter a written separation agreement containing maintenance provisions. *Id.* at ¶ 11. The "expressly provided in the decree" clause refers to the court's power to enter a judgment fixing the rights and liabilities of the parties. *Id.* at ¶ 12. Here, the parties entered a written separation agreement (the PSA) and were bound by a decree. The parties have pointed to no legal authority, and we have found none, requiring that we interpret each provision differently. We therefore apply the same standard to both provisions.

¶10 Husband argues neither the decree nor the PSA expressly provides for spousal maintenance to continue past Wife's remarriage. This court has previously held that to satisfy A.R.S. § 25-327(B), language providing for continued spousal maintenance after remarriage must be "direct or unmistakable." *Estelle v. Estelle*, 122 Ariz. 109, 113 (1979). We addressed a similar situation in *Diefenbach v. Holmberg*, 200 Ariz. 415, 416, ¶ 1 (App. 2001), when a husband petitioned to terminate spousal maintenance after his wife died. We reviewed whether decree language stating that spousal maintenance was "non-modifiable in amount or duration for any reason by either party" satisfied A.R.S. § 25-327(B). *Id.* at ¶¶ 2, 4. We held the language did not prevent the support obligation from terminating upon Wife's death because the decree addressed neither termination nor death. *Id.* at ¶¶ 2-5. Likewise, in *Palmer v. Palmer*, 217 Ariz. 67, 69, 71, ¶¶ 3, 13 (App. 2007), we reviewed whether spousal maintenance terminated upon the recipient's remarriage, when the decree ordered "[s]aid term and amount of spousal maintenance is non-modifiable until October 21, 2008, except such shall end upon the death of [Wife]" but said nothing about remarriage. We held that "the intentional omission of [remarriage] termination language . . . is not equivalent to an affirmative, unambiguous statement that the parties intended the spousal maintenance obligations to continue [after remarriage]." *Id.* at 71, ¶ 13 (quoting *Diefenbach*, 200 Ariz. at 418, ¶ 8).

¶11 Here, the decree states "[s]pousal maintenance is non-modifiable unless child support is decreased." The PSA adds language

waiving the right of either party to modify spousal maintenance. But neither provision addresses remarriage and thus shows no "direct or unmistakable" intent to avoid A.R.S. § 25-327(B). *See Estelle*, 122 Ariz. at 113. And we need not consider the parties' subjective understanding of the provisions' meaning, as Wife urges, because the decree is a judgment of the court. *See In re Marriage of Zale*, 193 Ariz. 246, 247-50, ¶¶ 1-16 (1999). As such, extrinsic evidence is not admissible to interpret its terms. *See id.* at 250, ¶ 15 (concluding that the parol evidence rule does not apply to a judgment).

**¶12** *Diefenbach* and *Palmer* are dispositive. Both require an express statement that spousal maintenance shall not be terminated upon remarriage and instruct that language addressing only non-modification is insufficient to prevent spousal maintenance from terminating upon the maintenance recipient's remarriage. The decree and PSA lack an explicit reference to remarriage or termination, and so they do not prevent the application of A.R.S. § 25-327(B).

## II. Superior Court Jurisdiction

**¶13** The superior court also found A.R.S. § 25-317(G) prevented it from exercising jurisdiction to modify the decree regarding spousal maintenance.

**¶14** Modification and termination of spousal maintenance are governed by A.R.S. § 25-327(A) and (B). Section 25-327(A) allows a court to modify or terminate spousal maintenance upon a showing of changed circumstances. As discussed above, Section 25-327(B) terminates the maintenance obligation upon the death of either party or the remarriage of the recipient. However, the parties to a separation agreement may limit the court's power to modify or terminate a support order in the decree.

**¶15** Section 25-317(G) provides that:

> [E]ntry of a decree that sets forth or incorporates by reference a separation agreement that provides that its maintenance terms shall not be modified prevents the court from exercising jurisdiction to modify the decree and the separation agreement regarding maintenance.

**¶16** In *In re Marriage of Waldren*, 217 Ariz. 173, 177, ¶ 18 (2007), the Arizona Supreme Court held that A.R.S. § 25-317(G) precludes a court from exercising jurisdiction to either modify or terminate spousal support under A.R.S. § 25-327(A) if the parties agree that spousal maintenance will be non-

modifiable. Wife argued in the superior court and on appeal that *Waldren* applies here and *Diefenbach* is inapposite. But *Walden* explicitly addressed *Diefenbach* and stated that *Diefenbach's* holding was not relevant as it was based on A.R.S. § 25-327(B), not § 25-327(A). *Id.* at 176-77, ¶¶ 16-18.

**¶17**　　　　We note that a footnote in *Waldren* does "disapprove of dictum in *Diefenbach* stating that while courts lack jurisdiction under A.R.S. § 25-317(G) to modify decrees regarding non-modifiable maintenance terms, they retain jurisdiction to terminate such provisions." *Id.* at 177 n.4. As earlier noted, the *Waldren* court distinguished *Diefenbach*, but did not overrule it, so we read the footnote itself as dicta and therefore decline to follow its reasoning. *See generally State v. Mata*, 185 Ariz. 319, 337 (1996) (Zlaket, J., dissenting in part, concurring in part) (criticizing any reliance on footnotes while "stating the obvious—that [a footnote] is and was intended to be dicta because holdings do not appear in footnotes").

**¶18**　　　　Even so, *Waldren* and *Diefenbach* are not necessarily at odds. Read together, they hold that under A.R.S. § 25-317(G) a non-modification provision may prevent a court from exercising jurisdiction to modify or terminate a maintenance order in a decree when analyzing changed circumstances under A.R.S. § 25-327(A). But a request to terminate spousal maintenance under A.R.S. § 25-327(B) does not require the court to modify the decree because the support order terminates by operation of law upon the death of either party or the remarriage of the recipient. Because Husband sought termination under A.R.S. § 25-327(B), § 25-317(G) does not prevent the superior court from exercising jurisdiction.

III.　　Spousal Maintenance as Community Property

**¶19**　　　　In the superior court, Wife raised an alternative argument that the spousal support award cannot be modified because the parties agreed to it as part of the apportionment of their community property. Spousal maintenance awarded as consideration for a property settlement is not modifiable or terminable. *States v. States*, 124 Ariz. 189, 190 (1979) (setting forth five criteria for determining whether spousal maintenance was agreed to as consideration for a property settlement). Because the superior court denied Husband's petition to terminate spousal maintenance, it did not reach Wife's alternative argument. On remand, the court must determine whether the spousal maintenance was awarded as consideration for a property settlement.

IV.     Attorneys' Fees and Costs on Appeal

**¶20**          Husband and Wife each request attorneys' fees and costs under A.R.S. § 25-324 and Arizona Rule of Civil Appellate Procedure ("ARCAP") 21.  ARCAP 21 is not a basis for fees or costs.  *See* ARCAP 21(a)(2).  Neither party took a more unreasonable position on appeal, and Wife's assertion that Husband retained more property from the marriage is unsupported by the record.  Accordingly, we decline to award fees or costs.

## CONCLUSION

**¶21**          We reverse the superior court's order denying Husband's petition to terminate spousal maintenance.  We remand for further proceedings consistent with this decision.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR